# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 30, 2021

162210

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                                         SC: 162210
                                                                          COA: 344253
                                                                          Dickinson CC: 17-005436-FC

JOSEPH CHARLES FOX,
            Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the September 10, 2020 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals addressing the defendant's claim that he was denied a fair trial because the Dickinson Circuit Court denied the defendant's request for a jury instruction on assault and battery.

Defendant was charged with assault with intent to do great bodily harm (AWIGBH), MCL 750.84(1)(a). He filed a pretrial motion requesting that the jury be instructed on the offense of assault and battery, MCL 750.81(1). Defendant took the position that assault and battery is a lesser-included offense of AWIGBH and that a rational view of the evidence would support the instruction. See *People v Cornell*, 466 Mich 335, 356-357 (2002). The circuit court heard argument on the motion after the close of proofs. At that time, the prosecutor agreed that assault and battery *is* a necessarily included lesser offense of AWIGBH. The prosecutor nevertheless objected to the motion on the ground that the intent element of AWIGBH (to do great bodily harm less than murder) was not disputed because the defense was a general denial that any assault occurred. See *id*. at 356 ("A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for a conviction of the lesser-included offense.") (quotation marks and citation omitted). The circuit court agreed with the prosecutor and denied defendant's motion for that reason.

Defendant was convicted of AWIGBH. The Court of Appeals affirmed the conviction. Addressing the circuit court's ruling on the requested instruction, the Court

of Appeals held that assault and battery *is not* a necessarily included lesser offense of AWIGBH but rather a cognate offense for which a trial court is not required to give jury instructions. *People v Fox*, unpublished per curiam opinion of the Court of Appeals, issued September 10, 2020 (Docket No. 344253), pp 3-4.

The Court of Appeals noted that this Court granted leave to appeal on a similar question in *People v Haynie*, 504 Mich 974 (2019), regarding whether assault and battery is a lesser-included offense of assault with intent to murder (AWIM), MCL 750.83. The Court of Appeals explained that "in *Haynie* our Supreme Court chose not to address whether assault and battery is a necessarily included lesser included offense of AWIM and instead relied on the prosecution's concession in that case that assault and battery is a lesser included offense of AWIM. *The prosecution has made no such concession in this case and, therefore, we will address the issue based on the existing jurisprudence regarding jury instructions for necessarily included lesser offenses*." *Fox*, unpub op at 3 n 2 (citation omitted; emphasis added). Although the Court of Appeals correctly described our resolution of *Haynie*, see *People v Haynie*, 505 Mich 1096 (2020), the Court of Appeals failed to acknowledge the prosecution's concession in the trial court. While it is well established that an appellee can argue in support of an alternative ground for affirmance, in this case the trial prosecution's concession that assault and battery is a lesser-included offense of AWIGBH waived its appellate argument to the contrary. See *People v Carter*, 462 Mich 206, 214 (2000).

For that reason, like we did in *Haynie*, we assume without deciding that assault and battery is a lesser-included offense of AWIGBH. And on this record, we conclude that a rational view of the evidence supported the requested instruction and that the trial court erred by refusing to give it. See *Cornell*, 466 Mich at 357. To the extent the prosecution relies on evidence of injury to argue otherwise, we repeat our observation in *Haynie* that "[w]hile the severity of injury bears on intent, it is not necessarily dispositive, and the jury should be free to make its own determination after weighing the evidence." *Haynie*, 505 Mich at 1097.

Regarding the defense theory of the case, while defense counsel asserted in opening argument that the prosecution would not be able to prove that an assault occurred, an attorney's arguments are not evidence, and the general denial does not lead to the conclusion that the intent element of AWIGBH was not disputed. A criminal defendant is generally permitted to present inconsistent defenses, and so long as there is sufficient evidence to support a proposed jury instruction, the instruction should be given. See *People v Lemons*, 454 Mich 234, 245-248 (1997). Similarly, when a rational view of the evidence would support a conviction on assault and battery for a defendant charged with AWIGBH, it is error to prevent the defendant from arguing that no assault occurred, but that if one did, the defendant did not act with the intent to cause great bodily harm

less than murder. We further conclude that this error was not harmless. *Haynie*, 505 Mich at 1097 (holding that the failure to give a requested instruction on a lesser-included offense was not harmless because "the evidence clearly supported an instruction on assault and battery").

Accordingly, we REMAND this case to the Dickinson Circuit Court for a new trial. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

ZAHRA, J. (*dissenting*).

I dissent from this Court's order peremptorily reversing the September 10, 2020 judgment of the Court of Appeals. I agree with this Court's conclusion that the prosecution waived its argument that assault and battery, MCL 750.81(1), is not a lesser included offense of assault with intent to do great bodily harm, MCL 750.84(1)(a), by advancing a contrary position in the trial court. I disagree, however, with the Court's decision to grant defendant a new trial without plenary review of the record and the remaining issues regarding whether the trial court abused its discretion in denying defendant's requested jury instruction for the charge of assault and battery. Instead, I would remand this case to the Court of Appeals to consider (1) whether a rational view of the evidence supported defendant's requested instruction, see *People v Cornell*, 466 Mich 335, 357 (2002) ("[A] requested [jury] instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense *and a rational view of the evidence would support it*.") (emphasis added), and (2) if so, whether any error that may have occurred in failing to give that instruction was harmless, see *People v Haynie*, 505 Mich 1096, 1103 (ZAHRA, J., concurring in part and dissenting in part) ("Under this Court's guidance in *People v Cornell*, if an instruction on a lesser included offense should have been given to the jury at trial, but was not, reversal is not warranted unless the instructional error was not harmless."). Because this Court disposes of this case without plenary review of those issues, I dissent.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 30, 2021



a0427

Clerk